Noe LOPEZ–TORRES, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74943.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2006.*

Filed Oct. 23, 2006.

Manuel F. Rios, III, Esq., Rios Cantor, PS, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Russell J.E. Verby, Esq., OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

MEMORANDUM **

Noe Lopez–Torres ("Lopez") petitions this court for review of a Board of Immi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

gration Appeals ("BIA") decision finding Lopez ineligible for discretionary relief under Immigration and Naturalization Act ("INA") § 212(c) and adjustment of status under INA § 245. We grant Lopez's petition with regard to INA § 212(c) and remand this case so that his application for relief under § 212(c) may proceed. We dismiss Lopez's petition with regard to INA § 245 as moot.

■ The government argues we have no jurisdiction to review Lopez's petition, yet a dispute over an agency's interpretation of a federal statute raises a colorable question of law that we may review under 8 U.S.C. § 1252(a)(2)(D). *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1009 (9th Cir. 2005) (Under § 1252(a)(2)(D), "[w]e have jurisdiction to consider [a] question of statutory interpretation.").

In April 1988, Lopez was granted temporary resident status under the Special Agricultural Workers ("SAW") statute, INA § 210(a)(1). In May 1990, Lopez pled guilty to two counts of possession of stolen property. In December 1990, notwithstanding his convictions, Lopez was automatically adjusted to permanent legal resident status pursuant to the SAW statute, INA § 210(a)(2).

Lopez concedes he is removable under INA § 237(a)(2)(A)(ii) for pleading guilty to two crimes involving moral turpitude after admission. Lopez seeks relief from removal, however, under INA § 212(c), which is available to aliens "lawfully admitted for permanent residence" with a "lawful unrelinquished domicile of seven consecutive years." *INS v. St. Cyr,* 533 U.S. 289, 295, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).[1] The phrase "lawfully admitted for

permanent residence" is defined as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." 8 U.S.C. § 1101(a)(20).

■ The government argues that Lopez was never lawfully accorded the privilege of residing permanently in the United States because his convictions occurred before he became a lawful permanent resident, and that he is therefore ineligible for relief under INA § 212(c). The government's position is untenable following this Court's recent decision in *Perez–Enriquez v. Gonzales,* 463 F.3d 1007 (9th Cir.2006) (en banc). In *Perez–Enriquez,* we opined:

> If the admissibility of an alien admitted under the SAW program is determined at the time of his initial adjustment of status to lawful temporary resident under [INA § 210(a)(1) ], and if the alien's status is thereafter automatically adjusted to lawful permanent resident without further inquiry into admissibility, the government may institute removal proceedings against the alien. But the government must do so on the premise that the alien is a *lawful permanent resident* alien rather than that the alien is inadmissible.

*Perez–Enriquez,* 463 F.3d at 1010–1011 (emphasis added).

Lopez was lawfully admitted as a temporary resident and automatically adjusted to lawful permanent resident status under the provisions of the SAW statute. INA § 210(a). Therefore, Lopez must be treated as a lawful permanent resident, and his application for relief under INA § 212(c) must be allowed to go forward. *Perez–Enriquez,* 463 F.3d at 1010 (holding that a

---

1. INA § 212(c) was amended in 1990 and repealed in 1996, but under the U.S. Supreme Court's holding in *St. Cyr,* aliens seeking relief from removal stemming from convictions in which they pled guilty *prior to* the amendments are eligible to seek relief under the repealed statute. 533 U.S. at 315, 121 S.Ct. 2271.

lawful permanent resident alien is entitled to seek relief under INA § 212(c)).

**GRANTED IN PART, DISMISSED IN PART, AND REMANDED.**